**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:18-CR-00065-JCB-JDL-1** |
| **v.** | § | |
| | § | |
| | § | |
| **CHAD PARMER,** | § | |
| | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 13, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Chad Parmer. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. On June 13, 2019, U.S. District Judge Robert W. Schroeder III of the Eastern District of Texas sentenced Defendant to 100 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On December 15, 2023, Defendant's case was transferred to U.S. District Judge J. Campbell Barker of the Eastern District of Texas. On June 18, 2024, the court granted Defendant's motion for sentence reduction, and Defendant's term of imprisonment was reduced to 83 months. This reduction amended

Defendant's criminal history category to III. On August 22, 2025, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about September 4, 2025, when Defendant submitted to a drug test and provided a sample that tested positive for methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamines, as evidenced by Defendant's positive drug test, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using a controlled substance asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 12 months and 1 day with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 12 months and 1 day with no period of supervised release

to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCC Texarkana, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of February, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE